1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN JOSE DIVISION

12

KRISTIN L. MCCULLOUGH,                    )    Case No.: 12-CV-01990-EJD
                                          )
13                      Plaintiff,        )    ORDER DENYING PLAINTIFF'S
         v.                               )    MOTION FOR SUMMARY
14                                        )    JUDGMENT; GRANTING
   MICHAEL J. ASTRUE,                     )    DEFENDANT'S MOTION FOR
15 Commissioner,                          )    SUMMARY JUDGMENT
   Social Security Administration,        )
16                                        )
                        Defendant.        )
17 _____)

18        Plaintiff Kristin L. McCullough ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g)

19 against Defendant Social Security Commissioner Michael J. Astrue ("Defendant")  to obtain

20 review of the Defendant's final decision denying Plaintiff's claim for Social Security Disability

21 and Supplemental Security Income benefits. Plaintiff seeks an order reversing the Defendant's

22 decision and awarding her benefits, or, in the alternative, remanding for further administrative

23 proceedings.

24        Presently before the Court are Plaintiff and Defendant's cross-motions for summary judgment.

25 Having considered the parties' papers along with the administrative record, the Court denies

26 Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

27
28

Case No.: 12-CV-01990-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

**United States District Court**
For the Northern District of California

## II. BACKGROUND

### A.  Plaintiff's Personal, Vocational, and Medical History

Plaintiff was born on November 22, 1961. Tr. 122. At the alleged disability onset date of November 1, 2007, she was forty-five years old. See id. Plaintiff received her Bachelor of Arts from the University of Michigan and a Master's Certificate in Project Management from the University of Washington. Id. at 35. She previously worked as a program manager, strategy consultant, and in 2008 as a salesperson. Id. at 128. After she left the salesperson position, Plaintiff began working three hours per week assisting a realtor. Id. at 35.

Prior to her employment as a salesperson in 2008, Plaintiff had worked as a full-time program manager and consultant. Id. at 128. The longest job that she held lasted three years. Id. Thereafter, she held jobs that lasted somewhere between a month and a year. Id. Plaintiff's job as a salesperson lasted a month. Id. at 36. Plaintiff has testified that she found the salesperson position to be "too overwhelming." Id. She believes that the management could no longer deal with her last-minute absences and her struggle to provide friendly customer service. Id.

Plaintiff has also testified that she has trouble interacting with other people, partly due to hearing problems. Id. at 45. She attributes her behavior to conditions such as borderline personality disorder, with which she was diagnosed in 2007. Id. at 42. At the time of the ALJ hearing, she was on five different medications: Klonopin and Lamictal for borderline personality disorder, Effex and Topamax for premenstrual dysphoric disorder, and Synthroid for her thyroid condition. Id. at 132, 43.

### B.  Procedural History

On September 2, 2008, Plaintiff filed for Social Security benefits contending disabling bipolar, premenstrual dysphoric disorder, thyroid condition, and borderline personality disorder. Id. at 127. Her claim was denied twice: first on January 21, 2009, and second upon reconsideration on July 8, 2009. Id. at 59, 64. Plaintiff, represented by counsel, then proceeded to request an administrative law judge ("ALJ") hearing, which was held on May 11, 2010. Id. at 21.

During the hearing, the ALJ began her examination of a vocational expert ("VE") by asking,

Case No.: 12-CV-01990-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

"[I]f any of your testimony diverts from the <u>Dictionary of Occupational Titles</u> will you please so advise me?" <u>Id.</u> at 46. The VE responded in the affirmative and proceeded to identify four jobs appropriate for a person who needs "minimal contact with the public and no close contact with coworkers[, meaning] nothing like team work": production assembler, compact assembler, agricultural sorter, and maid. <u>Id.</u> at 46-47. The VE also testified that there are no jobs appropriate for a person who has "marked limitations in concentration, persistence and pace and in social functioning." <u>Id.</u> at 47. After the VE finished testifying, Plaintiff stated that she had no questions for the VE. <u>Id.</u>

The ALJ issued an unfavorable decision on June 29, 2010. <u>Id.</u> at 18. Relying on the VE's testimony and after reviewing Plaintiff's medical record, the ALJ found that although Plaintiff is unable to perform any past relevant work, she is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." <u>Id.</u> at 28-29. Plaintiff sought review of the ALJ's decision from the Appeals Council, supporting her position with a vocational consultant's report dated August 12, 2010. <u>Id.</u> at 16-17, 221. The Appeals Council considered this report, but denied review. <u>Id.</u> at 1-2. Plaintiff subsequently commenced this action for judicial review of the ALJ's decision.

Plaintiff raises one procedural issue in this action: "the ALJ's failure to comply with Social Security Ruling 00-4p (SSR 00-4p)." Pl.'s Resp. 1. Specifically, she believes that the ALJ was required to address the allegedly "manifest" conflict between the VE's testimony and the <u>Dictionary of Occupational Titles</u> ("DOT") in the ALJ's written decision. <u>Id.</u>; Pl.'s Mot. 13-15. Plaintiff again supports her position with the August 12, 2010 vocational consultant's report. Pl.'s Mot. 7; Tr. 221.

## III. LEGAL STANDARDS

### A.  Standard for Reviewing the ALJ's Decision

Pursuant to 42 U.S.C. § 405(g), the district court has authority to review an ALJ's decision. The court's jurisdiction is limited to determining whether the denial of benefits is supported by

Case No.: 12-CV-01990-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

1   substantial evidence in the administrative record. Id. The court may only reverse the decision if it is

2   not supported by substantial evidence or it is based on legal error. Id.; Ukolov v. Barnhart, 420

3   F.3d 1002, 1004 (9th Cir. 2005). "Substantial evidence" is "more than a scintilla but less than a

4   preponderance." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). This standard requires

5   relevant evidence that a "reasonable mind might accept as adequate to support a conclusion."

6   Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing Richardson v. Perales, 402 U.S.

7   389, 401 (1971)). Additional evidence that had not been submitted to the ALJ but was considered

8   by the Appeals Council in its decision to deny review is part of the administrative record for

9   purposes of the court's analysis. Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th

10  Cir. 2012). Nevertheless, the court must uphold the ALJ's conclusion if it is one of several rational

11  interpretations of the evidence. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ's

12  decision will not be reversed for harmless errors. Id.

13  **B.  Standard for Determining Disability**

14      The Social Security Act defines "disability" as the "inability to engage in any substantial

15  gainful activity by reason of any medically determinable physical or mental impairment which can

16  be expected to result in death or which has lasted or can be expected to last for a continuous period

17  of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must also be so severe that

18  a claimant is unable to do her previous work and cannot, considering the claimant's age, education,

19  and work experience, "engage in any other kind of substantial gainful work which exists in the

20  national economy." Id. § 423(d)(2)(A).

21      The claimant has the initial burden of proving a disability. Ukolov, 420 F.3d at 1004. If the

22  claimant proves a prima facie case of disability, then the Commissioner of Social Security has the

23  burden of establishing that he can perform "a significant number of other jobs in the national

24  economy." Thomas, 278 F.3d at 955. "The Commissioner can meet this burden through the

25  testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R.

26  pt. 404, subpt. P, app. 2." Id.

27

28

Case No.: 12-CV-01990-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

The ALJ evaluates Social Security disability cases using a five-step evaluation process. 20 C.F.R. §§ 404.1520, 416.920.

1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. Id. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. Id. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments. Id. §§ 404.1520(d), 416.920(d).  If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments.  Id. §§ 404.1520(e), 416.920(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled.  If he cannot perform the work, the evaluation proceeds to step five. Id. §§ 404.1520(f), 416.920(f).

5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. Considering a claimant's age, education, and vocational background, the Commissioner must show that the claimant can perform some substantial gainful work in the national economy. Id. §§ 404.1520(g), 416.920(g).

## IV. DISCUSSION

Plaintiff contends that the ALJ committed reversible error by not resolving in the ALJ's written decision the "manifest" conflict between the VE's testimony and the DOT. Pl.'s Mot. 13-15; Pl.'s Resp. 5-6.[1] Plaintiff argues that the occupations identified by the VE as being appropriate for a

---

[1] In her written decision, the ALJ determined that: (1) Plaintiff has not engaged in substantial

Case No.: 12-CV-01990-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

person who needs minimal contact with other people are "occupations . . . [requiring] the individual to work alongside and with co-workers." Pl.'s Resp. 6. Plaintiff suggests that in contrast to the VE's testimony and as defined in the DOT, occupations such as production assembler will force her to work with supervisors and peers as part of a team. Id. at 5. Plaintiff supports her position with an August 12, 2010 vocational consultant's report, which she obtained over a month after the ALJ's unfavorable decision. See id. at 30, 221.

Before making a disability determination, the ALJ may consider governmental and other publications such as the DOT. 20 C.F.R. § 404.1566(d)(1). The DOT is an authoritative, but not binding, source of vocational reference. Id. Where a VE testifies, however, the ALJ is required to follow certain procedures:

1)  during the hearings, the ALJ must ask whether there is consistency between the VE's testimony and the DOT;

2)  if there is an "apparent unresolved" conflict between the VE's testimony and the DOT, the ALJ must ask the VE for a reasonable explanation for the conflict; and

3)  if there is a conflict—whether it is a conflict pointed out by the VE or an "apparent" conflict—the ALJ must resolve this conflict before determining whether the claimant is disabled.

SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000); see also Mickelson-Wurm v. Comm'r of Soc. Sec., 285 Fed. App'x 482, 486 (9th Cir. 2008) ("The ALJ must clarify the discrepancy in the opinion *only where there is an apparent unresolved conflict* that arises between the vocational expert's testimony and the DOT.").

---

gainful activity since November 1, 2007; (2) Plaintiff has "the medically determinable severe impairments of dysthymia and borderline personality disorder," but not menopausal syndrome and thyroid condition; (3) Plaintiff's severe impairments do not meet or medically equal the requirements of the Listing of Impairments; (4) Plaintiff has "no significant physical or exertional limitations," but should be "restricted to simple repetitive tasks only, requiring minimal contact with the public and no, direct, close contact with co-workers"; and (5) Plaintiff should be able to find work that exists in significant numbers in the national economy. Tr. 23-28. Plaintiff does not challenge the substance of the ALJ's determinations. Instead, Plaintiff raises the procedural issue previously identified.

Case No.: 12-CV-01990-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

Where the failure to question and address any deviation from the DOT is harmless error, however, SSR 00-4p does not require a remand. Massachi v. Astrue, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007). Plaintiff has the burden to establish that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 398 (2011).

Here, no conflict between the VE's testimony and the DOT existed for the ALJ to resolve. First, the VE never stated that her testimony conflicted with the DOT. Tr. 46-47. Also, when the ALJ asked the VE whether there are jobs for a person who needs minimal contact with other people, the ALJ specifically clarified that she meant "nothing like team work." Id. at 46. Thus, contrary to Plaintiff's suggestion, the VE never indicated that jobs such as production assembler, compact assembler, agricultural sorter, and maid would require no peer interaction at all. In fact, the ALJ asked another question directly addressing whether there are jobs for a person who has "marked limitations in concentration, persistence and pace and in social functioning," to which the VE informed the ALJ that there are no such jobs. Id. at 47. It is only after careful consideration of Plaintiff's medical record in conjunction with the VE's testimony that the ALJ determined that Plaintiff is capable of finding other jobs.

Moreover, even if the VE had misunderstood the ALJ's question and meant to convey that the four jobs would require no peer interaction, the Court would not reverse the ALJ's decision because any error would be rendered harmless. Interaction with supervisors and peers does not equate to teamwork. See Mettler v. Astrue, No. 3:12-cv-05395RBL-KLS, 2013 WL 549989, at *5-6 (W.D. Wash. Jan. 23, 2013) (affirming the ALJ's decision that claimant suffering from depression and panic attacks can "'occasionally interact with coworkers and supervisors'" but not in "'cooperative teamwork type work'"). Whatever the VE meant to convey, the VE answered the ALJ's question in accordance with the jobs' definitions in the DOT.

Finally, the August 12, 2010 vocational consultant's report submitted to the Appeals Council does not support the position Plaintiff now assumes in this proceeding. The only way in which this report differs from the VE's testimony is the conclusions drawn from occupational guides beyond the DOT as well as the consultant's own "professional experience." See id. at 221-23 (admitting

that "in none of the cases did the [DOT code] description itself refer to 'direct or close contact with co-workers'"). Thus, even if this report had been submitted to the ALJ, it would not have had triggered the ALJ's SSR-004p obligation to resolve an apparent conflict between the VE's testimony and the DOT.

The ALJ thus committed no procedural error under SSR 00-4p. As the VE never pointed out a conflict between her testimony and the DOT and because the alleged conflict, if any, was not "apparent," the ALJ was not required to resolve a conflict in her written decision.

## V. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: September 9, 2013



EDWARD J. DAVILA
United States District Judge

Case No.: 12-CV-01990-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California